**In re Jeffrey J. WEINSTEN, Debtor.**

**Joyce King DICKEY, Administratrix of the Estate of Randy King, and John Booth Farese, Esquire, Plaintiff,**

v.

**Jeffrey J. WEINSTEN, Defendant.**

**In re Milton WEINSTEN, Debtor.**

**Joyce King DICKEY, Administratrix of the Estate of Randy King, and John Booth Farese, Esquire, Plaintiff,**

v.

**Milton WEINSTEN, Defendant.**

**Bankruptcy Nos. 90 B 202249, 90 B 20649.**
**90 ADV. 6116, 90 ADV. 6115.**

United States Bankruptcy Court, S.D. New York.

June 11, 1991.

Marilyn Simon, New York City, for debtors.

Farese, Farese and Farese, Ashland, Miss., for Joyce King Dickey, Adm'x.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

### DECISION ON MOTIONS FOR SUMMARY JUDGMENT

On October 18, 1990 Chapter 7 debtors, Milton Weinsten and Jeffrey J. Weinsten, filed motions for summary judgment against plaintiff Joyce King Dickey, Administratrix of the Estate of Randy King. The motions seek relief from objections to discharge of the contingent indebtedness the plaintiff asserts Messrs. Weinsten and Weinsten owe the plaintiff.

The plaintiff contends that the debtors are personally liable to her for an uncollectible judgment she obtained against Winfield Manufacturing Company of which the

debtors are sole principals. The plaintiff argues that while Randy King worked for Winfield, he made payroll contributions to a self-funded ERISA insurance plan which Winfield created by a trust agreement dated February 6, 1978 ("the trust agreement"), and for which debtors served as trustees, thereby making themselves liable to King as fiduciaries. The plaintiff contends that both Weinstens breached their fiduciary responsibility and that such breach amounts to defalcation, which, under title 11 U.S.C. § 523(a)(4), excepts from discharge a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

"Defalcation as that term is applied by the Bankruptcy Code is defined to be broader than fraud, embezzlement or misappropriation." *Central Hanover Bank & Trust Co. v. Herbst*, 93 F.2d 510 (2d Cir. 1937). "[N]either malicious intent nor even bad faith need be proven, therefore a defalcation may be found where there has been a diminution, abatement or deficit in an account as a result of mistake or negligence in addition to misconduct." *In re Johnson*, 691 F.2d 249 (6th Cir.1982).

In a ruling on a Motion for Summary Judgment, the court must review the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, to determine if there is no genuine issue as to any material fact so that the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co., Inc. v. Zenith Radio Corp.*, 475 U.S. 574, 599, 106 S.Ct. 1348, 1362, 89 L.Ed.2d 538 (1986). The nonmoving party may oppose a summary judgment motion by making a showing that there is a genuine issue as to material fact for a jury to return a verdict for that party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249, 106 S.Ct. at 2510.

The nonmoving party, Joyce King Dickey, has raised the following genuine questions of fact: What were the duties and obligations imposed upon the Debtor as trustee under that certain trust agreement dated February 6, 1978? Did the Debtor fulfill the duties and obligations imposed upon the Debtors by the trust agreement? What were the duties and obligations imposed upon the Debtor, as an officer/director/shareholder of Winfield Manufacturing Company, Inc. Did the multiple position of the trustee/officer/director/shareholder create a conflict of interest?

Although neither party denies that Messrs. Weinsten and Weinsten were trustees of the plan, there remains the unresolved issues of their responsibility in the collection, use and disbursement of funds which may have been earmarked for the plan. That the plan was funded and Messrs. Weinsten and Weinsten were its trustees and its fiduciaries leaves open these questions of fact. Accordingly, the Court must reserve any decision on the merits until these questions of fact are resolved.

The motions for summary judgment are denied.

## CONCLUSIONS OF LAW

1. This court has jurisdiction pursuant to 28 U.S.C. § 1334 and § 157(a). This is a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2)(A) and 157(b)(2)(I).

2. The issues of material fact concerning the duties and litigations imposed on the debtor by virtue of the trustee agreement preclude summary judgment.

3. The defendants' motions for summary judgment are denied.

SETTLE ORDER on notice.